## ALLEN v. DILLINGHAM.

(Circuit Court of Appeals, Fifth Circuit. January 30, 1894.)

No. 138.

NEGLIGENT KILLING—ACTION AGAINST RECEIVERS.

Appeal from the Circuit Court of the United States for the Eastern District of Texas.

In Equity. Intervening petition of Evelyn Allen, individually, and as next friend of Ella Allen, a minor, against Charles Dillingham, as receiver of the Houston & Texas Central Railway Company. Respondent demurred, and upon demurrer the petition was dismissed. The petitioner thereupon appealed.

This is an intervening petition in equity against Charles Dillingham, as receiver of the Houston & Texas Central Railway Company, filed in the receivership cause February 24, 1890, and was brought by the widow and children of a deceased employe of the receiver, for compensation out of the fund in the court's custody, to be received in the way of damages that had accrued to them from injuries resulting in the death of the deceased. The petition, as amended, in its stating part, in addition to appropriate averments that the death of the deceased was caused by negligence of the receiver or his agents, without contributive negligence on the part of the deceased, contains these allegations: "In 1885 the Houston and Texas Central Railroad was placed in the hands of a receiver on a bill brought in the United States circuit court for the eastern district of Texas by the Southern Development Company against the Houston and Texas Central Railway Company et als., asserting a lien upon the corpus of the property by reason of the diversion of current earnings from the payment of current expenses, and indebtedness of $300,000 or $400,000, and insolvency of the company, all of which was admitted by answer filed in the case. The name of Benjamin C. Clark was presented by the parties as a proper person to appoint as one receiver, and the court was asked to designate another, and thereupon designated Charles Dillingham, both of whom, Clark and Dillingham, were appointed receivers. Thereafter Nelson S. Easton and James Rintoul, trustees under the first mortgage, and the Farmers' Loan and Trust Company, trustees on other mortgages bearing on said railroad company's property, filed independent bills for foreclosure in the same court, and a general demurrer to the bill of the Southern Development Company. In June, 1886, the demurrer was heard before Mr. Circuit Justice Woods and Circuit Judge Pardee, and was sustained, and thereupon an order was entered dismissing the bill of the Southern Development Company, and appointing Charles Dillingham and the trustees under the first mortgage, Rintoul and Easton, receivers, in accordance with the prayer contained in the bill for foreclosure above referred to. The foreclosure suits were put at issue, came on for hearing in 1887, and decrees were rendered foreclosing all the mortgages bearing upon the Houston and Texas Central Railway property, except the first mortgage upon the Waco Branch, and a sale was ordered. At the sale in the following year, Mr. Frederick Olcott, representing a reorganization committee, purchased the main line and property attached, which sales were thereafter duly confirmed. In April, 1889, ex propria, the court entered orders directing a turning over of the property that had been sold, and looking to the termination of the receivership. Immediate execution of these orders was opposed in the interest of large floating debt creditors, whose interventions had not been disposed of, and

was complicated by the represented fact that the purchasers of the property, desiring to form a new company, had been delayed by the necessity of obtaining some legislative action. The turning over of the property was further complicated by the institution of a suit by Carey et al., old stockholders of the Houston and Texas Central Railway Company, who filed an apparently independent bill to annul the former decrees of foreclosure and the sale thereunder, on the ground of want of jurisdiction of the court, and fraud of parties in obtaining the original decree of foreclosure. And petitioners further show the court that said order of the court directing the property to be turned over to the purchaser was made in or prior to the month of April, 1889; that, by proceedings duly had in the said court about that time, the said Rintoul and Easton were discontinued as receivers in the above consolidated cause, and the said Charles Dillingham continued as receiver, with the same rights, powers, and privileges, and subject to the same duties and liabilities, as theretofore pertained to said joint receivers; and ever since then the said Charles Dillingham, as receiver, under authority of the order of appointment, has had the custody, control, and management of the properties of said railway company, and run and operated the railroad thereof as a common carrier of passengers and freight for hire; that on, to wit, the 1st day of August, 1889, the purchasers of the property of the Houston and Texas Central Railway Co., as aforesaid, organized themselves into a railroad corporation under the general laws of the state of Texas, by the name of the Houston and Texas Central Railroad Company, and on the said day and date aforesaid articles of in corporation were duly filed in the office of the secretary of state of Texas, and afterwards, on, to wit, September 12, 1889, the said railroad corporation so created was organized, and elected said Charles Dillingham the president thereof, and so he has ever since been; that while said receivership has been continued, through necessity, beyond control of this court, yet, ever since the aforesaid purchase, confirmation, and incorporation of said new railroad company, the property thereof has practically been in its hands, through the said Charles Dillingham as its president and agent, and run and operated, controlled and managed, largely by its directions, and for the benefit of the owner thereof, although held by said Charles Dillingham, from necessity, in his official capacity, as receiver of this court; and since said confirmation of sale the original purposes of the receivership have been entirely accomplished, and the official custody, control, and management of the property by said Charles Dillingham, as receiver, have been real, but formal only, and permitted by the court only through circumstances beyond its prevention, as hereinbefore shown."

The appellee (respondent below) demurred generally, and upon the hearing of the demurrer the intervening petition was dismissed absolutely. The petitioners prayed, in open court, at the same term, that an appeal be allowed, which prayer was granted, and they duly filed the required appeal bond, and have brought the case here upon the following assignment of error, namely: "Afterwards, on the 15th day of March, A. D. 1893, come the above interveners and appellants, and say that in the records and proceedings aforesaid there is manifest error, in this, to wit: that the petition in intervention, as amended by said interveners, and the matters therein contained, are sufficient in law for the said interveners to have and maintain their aforesaid action thereof against the said Charles Dillingham, as receiver. There is also error in this, to wit: that by the records aforesaid the owners of the property in the hands of said Charles Dillingham, as receiver, would have been liable for the death of the deceased; and, under the circumstances appearing in the petition, the court is bound in equity and good conscience to charge the fund in the receiver's hands with liability for his negligences, just as would be were the said property in the hands of the owner; wherefore, by the law of the land, the said petition in intervention ought not have been dismissed, and the said interveners (appellants herein) pray that the decree aforesaid may be reversed, annulled, and altogether held for nothing, and that they may be restored to all things that they have lost by occasion of said decree," etc.

H. F. Ring and Pressley K. Ewing, for appellant.

The question to be determined upon the foregoing assignment is whether the receiver, as such, is liable to respond, through the fund in his hands, in damages, by way of compensation, for injuries resulting in death.

I. Where a federal court has obtained jurisdiction of a proceeding in equity, seeking relief upon a state statute, which, as construed by state decisions, entitles the petitioner to the relief, subsequent inconsistent state decisions cannot affect the right of the federal court to its independent judgment on the question involved; and, as a question to be determined by the independent judgment of this court, we submit it is too clear to doubt that the statutes of Texas did give a cause of action for death injuries against a receiver of a railroad.

The later Texas decisions are not binding upon this court. Rev. St. U. S. § 721; 1 Stat. 92; Judiciary Act, § 34; Burgess v. Seligman, 2 Sup. Ct. 10, 107 U. S. 20–38; Bucher v. Railroad Co., 8 Sup. Ct. 974, 125 U. S. 555–585; Fost. Fed. Pr. § 375; Douglass v. Pike Co., 101 U. S. 677–688; Sharon v. Terry, 36 Fed. 337; Trust Co. v. Debolt, 16 How. 416; Pease v. Peck, 18 How. 595, 601; Town of Thompson v. Perrine, 103 U. S. 806–820; Fairfield v. County of Gallatin, 100 U. S. 47–55; Elmendorf v. Taylor, 10 Wheat. 160; Groves v. Slaughter, 15 Pet. 498; Ober v. Gallagher, 93 U. S. 199–208; Railway Co. v. Geiger, 15 S. W. 214, 79 Tex. 22, (compare with Yoakum v. Selph, 19 S. W. 145, 83 Tex. 607, and Turner v. Cross, 18 S. W. 578, 83 Tex. 231;) Clark v. Dyer, 16 S. W. 1061, 81 Tex. 343.

The statutes of Texas did give an action against a receiver for death injuries. Rev. St. Tex. arts. 2899, 3138, and General Provisions, § 2; Merkle v. Bennington Tp., 24 N. W. 776, 58 Mich. 156; Haggerty v. Railroad Co., 31 N. J. Law, 349; Bolinger v. Railroad Co., 31 N. W. 856, 36 Minn. 418; Railway Co. v. Shacklett, 10 Ill. App. 404; Hayes v. Williams, (Colo. Sup.) 30 Pac. 352; Beach v. Bay State Co., 6 Abb. Pr. 415, 16 How. Pr. 1, 27 Barb. 248; Soule v. Railroad Co., 24 Conn. 577; Lamphear v. Buckingham, 33 Conn. 237; also, Pierce v. Railway Co., 51 N. H. 591; Hall v. Brown, 54 N. H. 497; Meara v. Railroad Co., 20 Ohio St. 137; Schott v. Harvey, 105 Pa. St. 229; Little v. Dusenberry, 46 N. J. Law, 614; Lyman v. Railway Co., 10 Atl. 346, 59 Vt. 167; Erwin v. Davenport, 9 Heisk. 45; McNulta v. Lockridge, (Ill. Sup.) 27 N. E. 452; Railway Co. v. Cox, 12 Sup. Ct. 905, 145 U. S. 593; Sloan v. Railway Co., 16 N. W. 331, 62 Iowa, 728; Central Trust Co. v. Wabash, St. L. & P. Ry. Co., 26 Fed. 12; Potter's Dwar. St.; Willis v. Owen, 43 Tex. 48.

II. By the Texas statutes giving action for death injuries, a valid state law imposed a duty upon the owner, the railway company, in the management and operation of the railroad; and by the second section of the act of congress passed March 3, 1887, a federal receiver was placed upon the same plane of duty, and substituted to the same liability in this respect, as pertained to the owner, the railway company.

Rev. St. Tex. art. 2899; Act Cong. March 3, 1887, (24 Stat. 554; Eddy v. La Fayette, 4 U. S. App. 247, 1 C. C. A. 441, and 49 Fed. 807; Central Trust Co. v. St. Louis, A. & T. Ry. Co., 40 Fed. 427; Railway Co. v. Cox, 12 Sup. Ct. 905, 145 U. S. 593; Clark v. Dyer, 16 S. W. 1061, 81 Tex. 339; Railway Co. v. Geiger, 15 S. W. 214, 79 Tex. 22.

III. If it be true that no independent right of recovery is given by the statutes of Texas against a receiver for death injuries, yet where, as in this case, the petition for compensation is addressed to the court of equity, having jurisdiction of the receivership fund, and the proceeding is one in rem, seeking relief only from the fund itself, the court of equity will treat the receiver, for the purposes of relief, as standing in the relation of owner, and will hold the fund liable to respond for all negligences, whether grounded upon statutes or the general law, which would have imposed personal liability upon the owner if in charge; and especially will this relief be granted where, as appears from the petition in this case, the receiver, without exclusive custody as such, controlled and operated the property, in effect, as agent of the owner, but merely from necessity accounted as receiver.

20 Am. & Eng. Enc. Law, p. 378; McNulta v. Lochridge, 12 Sup. Ct. 11, 141 U. S. 327, 331; Railway Co. v. Geiger, 15 S. W. 214, 79 Tex. 22; Klein v. Jewett, 26 N. J. Eq. 474; and authorities elsewhere cited.

**E. H. Farrar, E. B. Kruttschnitt, and B. F. Jonas, for appellee.**

The question to be determined in this cause is whether the appellant had a right of action against the appellee, Charles Dillingham, as receiver of the Houston & Texas Central Railway Company, for injuries resulting in death while he was operating and managing said road as receiver.

Appellee contends, where a federal court has jurisdiction of a proceeding where a party seeks relief upon a state statute, that the construction placed upon such statute by the courts of last resort of said state is binding, and will be followed by the federal courts, without considering whether the statute was originally construed correctly or soundly.

The latest Texas decisions on the construction and interpretation of the state statutes are binding, and will be followed by the federal court. Rev. St. U. S. § 721; Lavin v. Bank, 1 Fed. 650; State v. Grand Trunk Ry., 3 Fed. 889; Bank of Sherman v. E. M. Apperson & Co., 4 Fed. 25; McCall v. Town of Hancock, 10 Fed. 9; Schreiber v. Sharpless, 17 Fed. 589; Investment Co. v. Parrish, 24 Fed. 200; Buford v. Holley, 28 Fed. 685; Myrick v. Heard, 31 Fed. 243; New Orleans Waterworks Co. v. Southern Brewing Co., 36 Fed. 833; Fidelity Ins. & Safe-Deposit Co. v. Shenandoah Iron Co., 42 Fed. 376; Gray v. Havemeyer, 3 C. C. A. 497, 53 Fed. 174; Percy v. Cockrill, 4 C. C. A. 73, 53 Fed. 872; Society v. Watts, 1 Wheat. 289; Jackson v. Chew, 12 Wheat. 153; Fullerton v. Bank, 1 Pet. 604; Green v. Neal, 6 Pet. 291; Livingston v. Story, 11 Pet. 398; Harpending v. Dutch Church, 16 Pet. 493; Porterfield v. Clark, 2 How. 125; Rowan v. Runnels, 5 How. 134; Luther v. Borden, 7 How. 1; Nesmith v. Sheldon, Id. 812; Williamson v. Berry, 8 How. 559; Van Rensselaer v. Kearney, 11 How. 318; Moore v. Brown, Id. 435, 436; Webster v. Cooper, 14 How. 504; Beauregard v. City of New Orleans, 18 How. 497; League v. Egery, 24 How. 266; Amey v. Mayor, Id. 364; Bank v. Skelly, 1 Black, 436; Conway v. Taylor, Id. 621; Leffingwell v. Warren, 2 Black, 603; Gelpcke v. City of Dubuque, 1 Wall. 175, 212, 219; Supervisors of Carroll Co. v. U. S., 18 Wall. 82; Town of South Ottawa v. Perkins, 94 U. S. 260; Davie v. Briggs, 97 U. S. 637; Andreae v. Redfield, 98 U. S. 235; Amy v. Dubuque, Id. 471; Fairfield v. County of Gallatin, 100 U. S. 52; Taylor v. Ypsilanti, 105 U. S. 71; Burgess v. Seligman, 2 Sup. Ct. 10, 107 U. S. 34; Bendey v. Townsend, 3 Sup. Ct. 482, 109 U. S. 668; Bauserman v. Blunt, 13 Sup. Ct. 466, 147 U. S. 647; Turner v. Cross, 18 S. W. 578, 83 Tex. 231. The statute of Texas did not give an action against a receiver for death injuries. Rev. St. Tex. art. 2899; Turner v. Cross, 18 S. W. 578, 83 Tex. 231.

Before PARDEE, Circuit Judge, and BOARMAN and TOULMIN, District Judges.

TOULMIN, District Judge. The judgment of the circuit court in this case must be affirmed, on the authority of Turner v. Cross, 83 Tex. 218, 18 S. W. 578; and it is so ordered. Affirmed.

NOTE.

The case of Turner v. Cross, 83 Tex. 218, referred to above, is reported as follows in 18 S. W. 578:

NEGLIGENT KILLING—ACTION AGAINST RECEIVERS.

